# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>Linda Yaccarino<br><br>*Defendant* | Case No. 3:25-cv-01863<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**<u>PLAINTIFF'S MOTION FOR PERMISSION TO APPEAR REMOTELY VIA VIDEOCONFERENCE</u>**

Plaintiff Thomas Richards respectfully moves this Court for permission to appear remotely via videoconference (Zoom or similar platform) for the default judgment hearing scheduled for November 12, 2025, at 1:30 PM. In support of this Motion, Plaintiff states as follows:

**I. INTRODUCTION**

Plaintiff requests permission to appear remotely for the default judgment hearing currently scheduled to take place in Courtroom 1525 at the United States Courthouse in Dallas, Texas.

**II. GROUNDS FOR REMOTE APPEARANCE**

**A. Geographic Distance and Travel Burden**

1. Plaintiff's counsel is located in Fairfax, Virginia, approximately 1,300 miles from the Dallas courthouse.

2. Attending the hearing in person would require:

    - Round-trip airfare for counsel
    - Hotel accommodations
    - Ground transportation
    - Approximately two full days away from counsel's practice

3. The financial and logistical burden of in-person appearance is disproportionate to the nature of the hearing, particularly where Defendant has defaulted and failed to appear in this action.

**B. No Prejudice to Any Party**

4. Defendant Linda Yaccarino has never appeared in this action, has not filed any responsive pleading, and has not opposed any motion.

5. Defendant is in default and has shown no indication of appearing at the November 12 hearing.

6. Remote appearance by Plaintiff will cause no prejudice to Defendant nor impair the fairness of the proceedings.

7. All evidence and argument can be effectively presented via videoconference.

**C. Post-Pandemic Remote Hearing Practice**

8. Federal courts routinely grant remote appearance requests, particularly in the post-pandemic era where videoconferencing technology has become standard practice.

9. The Northern District of Texas has successfully conducted numerous remote hearings.

10. Videoconference technology allows for effective presentation of argument and evidence while preserving the dignity and solemnity of court proceedings.

11. The Court will be able to assess Plaintiff's credibility and evaluate arguments as effectively via videoconference as in person.

12. Plaintiff's counsel has videoconference capability and is equipped to appear via Zoom, Microsoft Teams, or any other platform the Court prefers.

**D. Efficient Use of Judicial and Party Resources**

13. Permitting remote appearance promotes judicial efficiency by avoiding unnecessary travel while accomplishing the same objectives.

14. The default judgment hearing involves legal argument on the motion and evidence supporting damages calculations, all of which can be effectively presented remotely.

15. No witness testimony is anticipated that would require in-person cross-examination.

**E. Defendant's Geographic Location**

16. Defendant Linda Yaccarino resides in Woodbury, New York, approximately 1,600 miles from Dallas.

17. Should Defendant appear at the hearing, remote appearance would similarly benefit her by avoiding burdensome travel from New York to Texas.

18. Remote appearance serves the interests of both parties in this matter.

**III. CONFERENCE WITH OPPOSING PARTY**

Conference with Defendant was not possible. Defendant is in default, has never appeared in this action, and has made no appearance through counsel or otherwise.

**IV. PROPOSED ORDER**

Plaintiff will submit a proposed order to chambers today via email to Starr_Orders@txnd.uscourts.gov as required by Judge Starr's procedures.

**V. CONCLUSION**

Remote appearance serves the interests of justice by reducing unnecessary expense and travel burden while allowing effective presentation of Plaintiff's motion for default judgment. Given Defendant's default, the geographic distance involved, and the routine nature of remote

proceedings in federal courts, Plaintiff respectfully requests this Court grant permission to appear via videoconference.

WHEREFORE, Plaintiff respectfully requests this Court:

1. Grant Plaintiff permission to appear remotely via videoconference for the November 12, 2025 hearing;

2. Direct the Clerk or Court personnel to provide videoconference access information to Plaintiff's counsel; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: September 29, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards, Esq.
VSB #96671
NY BAR #4932570
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff