IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>Linda Yaccarino<br><br>*Defendant* | Case No. 3:25-cv-01863<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**<u>PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING REMOTE APPEARANCE</u>**

**Use of Generative Artificial Intelligence**
This brief was prepared with the assistance of generative artificial intelligence.

Plaintiff Thomas Richards respectfully moves the Court to reconsider its October 1, 2025 Order denying Plaintiff's motion to appear remotely at the November 12, 2025 default judgment hearing.

## I. THE COURT APPLIED A NON-EXISTENT LEGAL STANDARD

The Court's October 1, 2025 Order denying remote appearance states: "Richards is seeking in excess of $500 million and the Court does not find the financial and logistical burden of an in-person hearing to be **disproportionate to the relief sought**."

**This "proportionality to relief sought" test does not exist in Federal Rule of Civil Procedure 43(a), its Advisory Committee Notes, or in any federal case law interpreting the Rule.**

### A. Rule 43's Actual Standard

Federal Rule of Civil Procedure 43(a) permits remote testimony when three requirements are satisfied:

1. **Good cause**
2. **Compelling circumstances**
3. **Appropriate safeguards**

Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

The Rule contains no "proportionality" test. It does not instruct courts to compare travel expenses to the amount of damages sought. The Court's Order cites no authority for this test because none exists.

**B. The Advisory Committee Notes Do Not Support a Proportionality Test**

The 1996 Advisory Committee Notes to Rule 43 state: "Video transmission ordinarily should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission." Fed. R. Civ. P. 43, Advisory Committee Notes (1996 Amendment).

This language does not create a proportionality test comparing travel costs to damages sought. Rather, it addresses **which transmission technology to use** - audio-only versus video conferencing. The full context makes this clear:

"No attempt is made to specify the means of transmission that may be used. **Audio transmission without video images may be sufficient in some circumstances**, particularly as to less important testimony. **Video transmission ordinarily should be preferred** when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission."

Fed. R. Civ. P. 43, Advisory Committee Notes (1996 Amendment) (emphasis added).

The "cost" referenced is the cost of video equipment versus audio-only technology - a relevant consideration in 1996 when videoconferencing required expensive specialized equipment. The Notes are discussing whether courts should use video (more expensive in 1996) or audio-only (cheaper) for remote testimony, not whether parties can afford to travel based on their damages claim.

## C. The Court's Test Conflicts With Rule 43's Text and Structure

The Court's proportionality test is not only absent from the Rule - it contradicts the Rule's actual requirements:

### 1. It ignores "means of the parties"

The Advisory Committee Notes explicitly reference "the means of the parties" as a relevant consideration. The Court's focus solely on the $500 million damages claim ignores whether Plaintiff and counsel - a sole practitioner taking this case on contingency - have the means to absorb cross-country travel costs for an uncontested hearing including for their witnesses where the defendant will not appear.

### 2. It ignores "circumstances that justify transmission"

The Court's Order does not analyze whether circumstances justify remote testimony. Those circumstances are overwhelming here:

- This is an uncontested default proceeding

- No opposing party will be present

- No cross-examination will occur

- All evidence is documentary

- All parties and witnesses are over 1,000 miles from the forum

- The forum was selected by extension (X Corp.'s Terms of Service required the partner case to be filed here)

### 3. It conflates two distinct inquiries

The Court's approach conflates: (a) whether Plaintiff can prove entitlement to substantial damages (a merits question), with (b) whether the procedural mechanism for presenting that proof requires in-person attendance (a Rule 43 question).

Federal courts routinely permit remote appearances in high-stakes litigation when proceedings are uncontested and evidence can be effectively presented remotely. The amount at stake does not create a requirement for in-person testimony where none otherwise exists under Rule 43.

The Court's reference to "the financial and logistical burden of an in-person hearing" confirms this conflation. Rule 43 does not ask whether the financial burden of travel is proportionate to damages sought. Rather, the Advisory Committee Notes reference "the cost...in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission" - a multi-factor analysis that considers whether parties have the means to afford costs, not whether damages are large enough to justify those costs.

**D. No Case Law Supports the Court's Standard**

The Court cited no cases applying a "proportionality to damages sought" test under Rule 43(a), because no such cases exist. Courts analyzing Rule 43(a) consistently apply the "good cause in compelling circumstances" standard without reference to a proportionality test. See, e.g., *In re Kirkland*, 75 F.4th 1030, 1041-44 (9th Cir. 2023) (conducting extensive analysis of Rule 43(a)'s text and Advisory Committee Notes to determine standards for remote testimony, without mentioning proportionality to damages); Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n, 470 F. Supp. 3d 735, 738-40 (E.D. Mich. 2020) (analyzing Rule 43(a)'s "good cause in compelling circumstances" standard and Advisory Committee guidance regarding when remote testimony is justified, with no reference to case value or proportionality).

The Court's discretion under Rule 43 extends to evaluating whether particular facts establish good cause and compelling circumstances - not to replacing Rule 43's standard with a different test altogether. Courts have discretion in applying legal standards to facts, but "the text of a rule…limits judicial inventiveness." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); see also In re Kirkland, 75 F.4th at 1047 ("We are bound by the text of the rules.").

The Court's October 1 Order did not analyze whether good cause or compelling circumstances exist under Rule 43. Instead, it applied a proportionality test focused solely on whether travel costs are "disproportionate to the relief sought" - a test that appears nowhere in the Rule. If the Court intended to deny remote appearance based on Rule 43's actual standard, the Court would have addressed whether good cause and compelling circumstances exist, not whether $500 million in damages makes travel costs proportionate. The Order's reliance on a fabricated test, rather than Rule 43's actual requirements, suggests the decision was not based on proper application of the Rule's discretionary factors.

Should the Court now attempt to articulate grounds under Rule 43's actual standard that were not mentioned in the October 1 Order, such reasoning would be impermissible post-hoc rationalization rather than the actual basis for the denial. Courts evaluate the correctness of orders based on the reasons given at the time, not on justifications offered later. See *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

## II. UNDER THE CORRECT RULE 43 STANDARD, REMOTE APPEARANCE SHOULD BE PERMITTED

Applying Rule 43's actual standard - good cause, compelling circumstances, and appropriate safeguards - remote appearance is plainly justified here.

**A. Good Cause Exists**

Rule 43(a) requires "good cause" based on the totality of the circumstances. Courts evaluate factors such as the nature of the proceeding, potential prejudice to parties, geographic considerations, and whether remote technology adequately protects the integrity of the proceedings.

Here, good cause is established by:

- The uncontested nature of this default proceeding

- The absence of any opposing party who could be prejudiced

- All parties and witnesses being located over 1,000 miles from the forum

- All evidence being documentary in nature

- The defendant's default and failure to indicate any intent to appear despite being served with notice

- Modern videoconferencing technology providing full ability to assess credibility

**B. Compelling Circumstances Exist**

**1. This is an uncontested default proceeding**

Defendant Yaccarino has defaulted and will not appear at the hearing. No opposing party will be present. No cross-examination will occur. Liability is established by the entry of default. The sole question is damages.

Rule 55(b)(2) itself recognizes that hearings are discretionary: "The court **may** conduct hearings or make referrals...when, to enter or effectuate judgment, it needs to." Fed. R. Civ. P. 55(b)(2) (emphasis added). When hearings are held in default proceedings, the uncontested nature strongly supports remote appearance.

**2. All parties are remote from this forum**

Plaintiff, counsel, and witnesses are all located in Virginia, over 1,000 miles from this Court. Defendant Yaccarino resides in New York and now serves as CEO of eMed, which is based in Miami, Florida. If Defendant were to appear at the hearing (she gave no indication she intends to despite being served with notice as directed by the Court), Defendant would almost certainly prefer remote appearance over traveling to Dallas.

This case is in the Northern District of Texas only because a related partner case against X Corp. was required to be brought in this district pursuant to X Corp.'s Terms of Service. This case against Defendant Yaccarino, X Corp.'s CEO at the relevant time, was filed in this district to facilitate potential consolidation with the X Corp. case. However, Defendant Yaccarino defaulted before consolidation could occur.

Requiring cross-country travel -- for an uncontested default hearing where the defendant will not appear -- effectively imposes forum-related burdens that arose from a contract Defendant Yaccarino herself did not draft or select.

**3. The burden serves no procedural purpose**

The circumstances here are particularly compelling:

- **Plaintiff is represented by counsel who is a sole practitioner** taking this case on a contingency basis, meaning all litigation costs are advanced without guarantee of recovery.

- **The forum was selected by extension** - this case is in the Northern District of Texas only because X Corp.'s Terms of Service state the partner case must be filed here.

- **Defendant has defaulted** and gave no indication she intends to appear at the hearing despite being served with notice.

- **All parties are remote from this forum** - Plaintiff and counsel are in Virginia, Defendant is in New York/Florida.

- **All evidence is documentary** - affidavits, expert reports, and exhibits that can be equally well presented remotely.

- **No cross-examination will occur** because no opposing party will be present.

Requiring cross-country travel under these circumstances creates the appearance that bringing this action and seeking to prove damages through an uncontested proceeding is itself being treated as grounds for imposing additional burdens - burdens that would not exist if the same evidence were presented via videoconference. This cannot be the purpose of requiring in-person attendance at default judgment hearings.

**C. Appropriate Safeguards Are Available**

Federal courts throughout the country - including this Court - routinely conduct proceedings via Zoom and other videoconferencing platforms. The technology allows the Court to:

- Assess witness credibility through video observation

- Ensure accurate identification of witnesses

- Display documents and exhibits to all participants

- Conduct private attorney-client communications through breakout rooms when needed

- Create a complete record of the proceedings

These safeguards are more than adequate for an uncontested default hearing involving documentary evidence.

### III. RULE 1 REQUIRES JUST, SPEEDY, AND INEXPENSIVE DETERMINATION

Federal Rule of Civil Procedure 1 requires that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal courts recognize that remote proceedings advance Rule 1's mandate to secure the just, speedy, and inexpensive determination of every action. Courts have found that remote proceedings "accomplish the just, speedy and inexpensive determination" of cases, *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 576 (S.D.N.Y. 2020), and that "the interests of fairness and the furtherance of a 'just, speedy, and inexpensive' resolution favor[] that the deposition be remote for all parties," *Floodbreak LLC v. T. Moriarty & Son, Inc.*, 754 F. Supp. 3d 330, 333 (E.D.N.Y. 2024). See Fed. R. Civ. P. 1.

Here, requiring in-person appearance for an uncontested default hearing directly contradicts Rule 1's mandate. Compelling Plaintiff, counsel, and expert witnesses to travel over 1,000 miles for a hearing where no opposing party will appear:

- Is not **just** - It imposes disproportionate burdens on Plaintiff for a forum selected by extension through X Corp.'s contract, where Defendant herself will not appear.

- Is not **speedy** - Travel logistics and scheduling around cross-country travel will delay resolution.

- Is not **inexpensive** - It imposes substantial and unnecessary travel costs that serve no procedural purpose in an uncontested proceeding.

Remote appearance, by contrast, serves all three Rule 1 objectives while fully protecting the integrity of the proceedings.

**IV. CONCLUSION**

The Court's October 1, 2025 Order applied a "proportionality to relief sought" test that appears nowhere in Rule 43(a), its Advisory Committee Notes, or federal case law. This is a clear legal error. The Court applied a test comparing travel costs to damages sought - a standard that has never been used by any federal court interpreting Rule 43. The Advisory Committee's reference to costs being "reasonable in relation to" various factors addresses choosing between audio and video technology, not comparing plaintiff's travel expenses to damages sought.

The correct Rule 43 standard requires: (1) good cause, (2) compelling circumstances, and (3) appropriate safeguards. All three requirements are satisfied here. This is an uncontested default proceeding where no opposing party will appear, all evidence is documentary, and all participants are over 1,000 miles from a forum selected by extension through a corporate

defendant's Terms of Service. Moreover, requiring in-person appearance contravenes Rule 1's mandate to secure the just, speedy, and inexpensive determination of every action.

Plaintiff requests that the Court reconsider its Order and permit Plaintiff, counsel, and witnesses to appear remotely via Zoom or other court-approved videoconference platform at the November 12, 2025 default judgment hearing.

Dated: October 7, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards, Esq.
VSB #96671
NY BAR #4932570
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff