UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS, | § |
| *Plaintiff*, | § § § |
| v. | §  Civil Action No. 3:25-CV-1863-X |
| LINDA YACCARINO, | § § § |
| *Defendant*. | § § § |

## ORDER CONSOLIDATING CASES

Plaintiff Thomas Richards (Richards) has previously filed a Motion to Consolidate (the "Motion") this case with related case 3:25-cv-916 stating the cases "involve the same plaintiff, overlapping defendants, and identical core constitutional violations… challeng[ing] the same pattern of conduct." (Doc. 3). That Motion and the attorney's Application for Pro Hac Vice were denied as moot in the transfer order to this Court. (Doc. 7). The Court deems it prudent to now consider Richards's previous request and resolve the issue of Richards's attorney practicing without proper pro hac status.

Accordingly, the Court has reviewed arguments presented in the previous Motion and after reviewing the motion and applicable law, the Court **ORDERS** the following cases to be consolidated:

1. *Richards v. Yaccarino*, Case No. 3:25-cv-1863 (the "Yaccarino" Case); and

2. *Richards v. X Corp, et al.*, Case No. 3:25-cv-0916 (the "X Corp." Case).

Starting now, parties are instructed to make their filings in case 3:23-cv-0916-X

for all cases.  Filings must still indicate to which of the two cases they apply.  The consolidation will end when the Court enters separate final judgments in each case.

## I. Background

This is a case involving the alleged "shadowbanning" of Richards's account on X's platform.  Richards asserts his First Amendment rights have been violated and a breach of X's user agreement has been perpetrated by Defendants Linda Yaccarino, ex-CEO of X Corp.; X Corp, social media platform; and President Donald J. Trump, in his individual capacity.  The two cases Richards have brought are before this Court, were filed within close proximity to each other, and as Richards's asserts present "identical factual and legal issues"[1] which "necessitates consolidation."[2]

## II. Legal Standard

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The Fifth Circuit has held that district courts are permitted to consolidate cases *sua sponte*.[3]  District courts have broad discretion in determining whether to consolidate.[4] In considering whether to consolidate, judges in this district consider several factors, including but not limited to:

---

[1] Doc. 3 at 2.

[2] *Id.* at 3.

[3] *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 592 (5th Cir. 2018).

[4] *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) ("A trial court has broad discretion in determining whether to consolidate a case pending before it.")

(1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.[5]

### III. Analysis

Richards contends that the two cases at issue involve the following common questions of law or fact:

1. Whether X Corp.'s systematic suppression of Plaintiff's biblical religious expression violates the First Amendment under unprecedented government entanglement through owner Elon Musk's federal authority;

2. Whether systematic "lawful but awful" content policies constitute religious viewpoint discrimination under color of federal law;

3. Whether corporate executives bear individual liability for constitutional violations committed under their authority during government entanglement;

4. The scope of damages for 16+ years of systematic religious expression suppression; and

5. Whether coordinated responses to legal challenges demonstrate consciousness of guilt and obstruction of justice.[6]

The Court agrees with Richards that the complaints in both cases involve common questions of law and fact.

The Court takes the seven-factor test in turn. First, the cases at issue are in the same Court and before the same judge. Second, the cases were both brought by

---

[5] *Ashford Hosp. Prime Inc. v. Sessa Capital (Master) LP*, 2017 WL 2955366, at *11 (N.D. Tex. Feb. 17, 2017) (Godbey, J.); *see also Russo v. Alamosa Holdings, Inc.*, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004) (Cummings, J.) (listing the same factors).

[6] Doc. 3 at 2–3.

3

Thomas Richards who sued both X Corp. and X Corp.'s then-CEO, Yaccarino. Third, common issues of law and fact abound, as Richards demonstrates. Fourth, the Court does not believe consolidation might cause juror confusion, as the allegations arise from the same allegation of "shadowbanning." Further, any risk of confusion will be far less than the risk of inconsistent verdicts if the Court does not consolidate the cases. Fifth, this structure should not give Richards an unfair advantage. Richards must still prove all the elements of its causes of action against each Defendant for each case. Sixth, consolidation will greatly aid in judicial efficiency. And seventh, consolidation will reduce party expenses.

On balance, the relevant factors strongly favor consolidation.

### IV. Conclusion

Accordingly, the Court **ORDERS** the cases to be consolidated.

**IT IS SO ORDERED** this 10th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE